IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE JUN 2 6 2023
AT NASHVILLE

U.S. District Court
Middle District of TN

| | |
|---|---|
| Courtney B. Mathews, TDOC #232626 | ) |
| | ) |
| **Plaintiff ,** | ) |
| vs. | ) **Case No.** |
| | ) |
| Judge Robert Wiley Wedemeyer, Judge | ) |
| Jill Bartee Ayers; Judge Timothy L. | ) |
| Easter, Judge Robert L. Holloway, Chief | ) |
| Justice Roger A. Page, Justice Sarah K | ) |
| Campbell, Justice Sharon G Lee, | ) |
| Justice Jeffrey S. Bivins, Justice Holly | ) |
| Kirby | ) |
| | ) |
| **Defendants,** | ) |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Courtney B. Mathews., TDOC #232626
S.C.C.F.; P.O.Box # 279
Clifton Tenn, 38425

1

# TABLE OF CONTENTS

I.      INTRODUCTION:..................................................................................................4

II.     STATEMENT OF CASE:....................................................................................5

III.    JURISDICTION:....................................................................................................6

        This Court has the jurisdiction to entertain the instant suit to intervene on a non-
        dispositive matter in a pending State Criminal Appellate proceeding.......................6

        (A)     28 U.S.C. § 2283 (*Anti-Injunction Act*) Does Not Deprive This Court of
                Subject Matter Jurisdiction.............................................................................7

        (B)     The *Younger Abstention Doctrine* Does Not Deprive This Court of Subject
                Matter Jurisdiction..........................................................................................7

        (C)     The *Rooker-Feldman Doctrine* Does Not Deprive This Court of Subject
                Matter Jurisdiction..........................................................................................9

        (D)     *Heck v. Humphrey*, 512 U.S. 477, (1994) Does Not Deprive This Court of
                Subject Matter Jurisdiction...........................................................................10

IV.     VENUE:...............................................................................................................11

V.      TIMELINESS:.....................................................................................................11

VI.     EXHAUSTION OF REMEDIES:........................................................................11

VII.    PARTIES.............................................................................................................13

VIII.   STATEMENT OF FACTS:..................................................................................14

IX.     CAUSES OF ACTIONS:.....................................................................................18

        (A)     FIRST CLAIM FOR RELIEF (14th Amendment Due Process Violation)....18

                (i)     T.R.A.P. 35(g) implicates Plaintiff's property interest.......................19

                (ii)    The process afforded to Plaintiff by the Defendants in their
                        application of T.R.A.P. 35(g) is constitutionally insufficient............19

                        (1)     the private interest that will be affected by the official action.20

(2)    the risk of an erroneous deprivation of such interest through the procedures used by defendants.................................................20

(3)    the Government's interest.........................................................22

(B)    SECOND CLAIM FOR RELIEF (1st Amendment: Freedom of Expression Clause; and Freedom to Petition Clause)........................................................23

(C)    THIRD CLAIM FOR RELIEF (Denial of Access to the Courts)................25

(i)    Right of Access to the Courts...................................................26

(ii)    Allowing only opposing Counsel to sharpen and reinforce their positions on appeal, *via* remote oral arguments while Denying Plaintiff the ability to do so, violates the tenets of fundamental fairness and equal treatment under the law; and thus, vitiates his rights of access to the courts..............................................27

(iii)    Although Plaintiff has no substantive due process right to participate in Oral arguments in and of themselves, he does have a right to a fundamentally fair Appellate proceeding and equal treatment under the law.................................................29

(iv)    Security and logistical concerns no longer constitute a legitimate state interest that justifies treating Plaintiff differently from opposing Counsel:.........................................29

(D)    FOURTH CLAIM FOR RELIEF (14th Amendment Due Process Clause; Equal Treatment Clause)..............................................................................31

(E)    FIFTH CLAIM FOR RELIEF (28 U.S.C. § 1341 Taxes by States).............33

(F)    SIXTH CLAIM FOR RELIEF (Tenn. Code Ann. § 1-3-121)......................34

XI.    Relief:....................................................................................................35

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| **Courtney B. Mathews, TDOC# 232626** | ) |
| | ) |
| **Plaintiff ,** | ) |
| **vs.** | ) **Case No.** |
| | ) |
| **Judge Robert Wiley Wedemeyer, Judge** | ) |
| **Jill Bartee Ayers; Judge Timothy L.** | ) |
| **Easter, Judge Robert L. Holloway, Chief** | ) |
| **Justice Roger A. Page, Justice Sarah K** | ) |
| **Campbell,    Justice  Sharon  G  Lee,** | ) |
| **Justice Jeffrey S. Bivins,  Justice Holly** | ) |
| **Kirby** | ) |
| | ) |
| **Defendants,** | ) |

---

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

---

## I.    INTRODUCTION:

1.    Comes now the Plaintiff Courtney B. Mathews, *pro se*, seeking Injunctive and Declaratory Relief. This is a civil rights action to remedy the unconstitutionality of a specific provision Tennessee's Rules of Appellate procedure as applied. Plaintiff requests that the District Court declare T.R.A.P. 35(g), as applied to him, to be in violation of his rights that arise under the Privileges and immunities Clause, the first Amendment Petition clause, the first Amendment Freedom of  Expression clause, the Equal Protection Clause; and the Due Process Clause of the United States Constitution. Plaintiff also seeks to permanently enjoin the Defendants from

4

enforcing the specific provisions of T.R.A.P. 35(g) against the Plaintiff.

## II.    STATEMENT OF CASE:

2. Plaintiff Courtney B. Mathews[1], is filing the instant action against: (i) the four (4) Judges of the Middle District of the Tennessee Court of Criminal Appeals (hereinafter TCCA), at Nashville, in their official capacities; and (ii) the 5 Justices of the Tennessee Supreme Court, in their official capacities.

3. Plaintiff is seeking, *inter alia*, a declaratory judgment determining the constitutionality of Tennessee Rules Appellate Procedure Rule 35§(g) as applied to him. (hereinafter, T.R.A.P 35(g))

4. Plaintiff avers that the manner in which the Defendants apply the specific provisions of T.R.A.P. 35(g) to him results in a situation wherein he is, in effect, subject to the arbitrarily imposition of punitive financial sanctions just for the simple act of merely requesting oral arguments in the TCCA.

5. The plaintiff also seeks preliminary injunctive relief including a *Temporary restraining Order*, enjoining the defendant's from enforcing T.R.A.P. 35§(g), on the ground that that specific provision of the rule is unconstitutional as applied to him.

6. Plaintiff is not seeking any compensatory or punitive relief.

## III.    JURISDICTION:

7. This cause rises directly under: (i) both the Due Process and Equal protection

---

[1] Herein after Plaintiff or Plaintiff Mathews

clauses of the 14th Amendment; (ii) the Freedom of Expression and Freedom to Petition Clauses of the 1st Amendment of United States constitution; and (iii) Privileges and immunities Clause Art; U.S. CONST. art. IV, 2, cl. 1;

8.  This cause also rises under **42 U.S.C. § 1983** (*Civil Rights Violations*) to redress the deprivation under color of state law, of rights secured by the Constitution of the United States.

9.  This Court has subject matter jurisdiction under **28 U.S.C. § 1331** (*Federal question*); **28 U.S.C. § 1343** (*Civil rights*); **28 U.S.C. § 1341** ( *Taxes by States*).

10. This court has supplemental jurisdiction over Plaintiff's State law claims under **28 U.S.C. § 1367** (*Supplemental Jurisdiction*) because these claims are related to the Plaintiff's federal law claims and arise out of a common nucleus of related facts.

11. Plaintiff's State law claims are related to his Federal law claims such that they form part of the case or controversy under Article III of the U.S. Constitution.

12. Declaratory relief is authorized by **Rule 57, Fed.R.Civ.P.** (*Declaratory Judgment*) and **28 U.S.C. §2201** (*Declaratory Judgment Act,*)

## This Court has the jurisdiction to entertain the instant suit to intervene on a non-dispositive matter in a pending State Criminal Appellate proceeding

13. Plaintiff avers that he is no way attempting to use the instant suit, nor any of the herein mentioned Federal Statues, to seek relief in any way related to his underlying criminal convictions; nor is he seeking to in any way enjoin the TCCA from

6

adjudicating his pending direct Appeal.

**(A)**     **28 U.S.C. § 2283** *(Anti-Injunction Act)* **Does Not Deprive This Court of Subject Matter Jurisdiction**

14.    Because Plaintiff is not seeking to enjoin his actual criminal prosecution nor the State's adjudication of his criminal appellate issues **28 U.S.C. § 2283** *(Anti-Injunction Act)* in no way acts as a jurisdictional bar to this Court's issuance of declaratory relief or injunctive relief.

15.    This Court's intervention is limited strictly to a non-dispositive issue; *to-wit*: the inherent unconstitutionality of the Defendant's application of the specific provisions of T.R.A.P. 35(g) which allows them, in essence, to assess punitive sanctions and *de facto* taxes upon Plaintiff, just for the act of literally requesting oral arguments; which is an act that this Court should and can enjoin. *O'Shea v. Littleton*, 414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974). ("Basic requisites for issuance of federal court injunction against state criminal proceedings are likelihood of substantial and immediate irreparable injury.")

**(B)**     **The** *Younger Abstention Doctrine* **Does Not Deprive This Court of Subject Matter Jurisdiction**

16.    In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the U.S. Supreme Court created the ***Younger abstention doctrine***, which requires that a federal court abstain from enjoining a pending state criminal proceeding when the state's interest is so important that exercising federal jurisdiction would disrupt the

7

comity between federal and state courts. *Pennzoil Co. v. Texaco*, Inc., 481 U.S. 1, at 11, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

17.  The Supreme Court explained in *Younger* that "our cases ... repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id* 751.

18.  Plaintiff avers, however, that under the circumstances of the case *sub judicie*, the *Younger Abstention Doctrine* does not bar his request for either Declaratory nor injunctive relief because he is not requesting that this federal court "...enjoin [any] pending proceedings in state courts.." (*id.*)

19.  Quite to the contrary, Plaintiff is merely requesting that this Court stop the arbitrary application of a specific portion of an Appellate procedural rule, which arbitrarily and unfairly deprives him of his property interests (i.e. allows for the TCCA to assess punitive sanctions on Plaintiff in the form of financial fines and litigation taxes in an unreasonable, capricious and arbitrary fashion.)

20.  Since neither the underlying appellate issues, that are dispositive in the plaintiff's pending state Direct Appeal nor the criminal convictions themselves, are in way relevant to the relief sought in the instant civil suit *Younger* has no applicability to the instant suit.

8

**(C)    The *Rooker-Feldman Doctrine* Does Not Deprive This Court of Subject Matter Jurisdiction**

21.    The Plaintiffs in *Rooker*[2] and *Feldman* had litigated and lost in state court. Their federal complaints, the Supreme Court observed, essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments; and the Court declared such suits out of bounds, i.e., properly dismissed for want of subject matter jurisdiction. *Community Treatment Centers, Inc. v. City of Westland*, 970 F. Supp. 1197, 1212 (E.D. Mich. 1997) (the *Rooker* and *Feldman* decisions, "taken together, stand for the proposition that the inferior federal courts lack the authority to perform, in effect, an appellate review of state court decisions").

22.    However, the instant complaint is distinguishable from both the *Rooker* and *Feldman* decisions, for one simple reason: *to-wit*: Plaintiff Mathews has "not loss any thing" in his State court proceedings.

23.    In other words, Plaintiff Mathews is not seeking this Court's review of any state court decisions that injured him in the sense of losing the central controversy, upon which his state Court proceedings are predicated (i.e. he not using the instant civil proceedings to in anyway attack his criminal convictions or the denial of his direct appeal.)

24.    Since, Plaintiff is not a "loser" in the context of *Rooker-Feldman*, he is not seeking

---

[2] The Supreme Court issued two decisions *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 . Ed. 2d 206 (1983), from which the *Rooker-Feldman* doctrine derives its name

to use this District Court as an "appellate court" to remedy any injuries relevant to his State Criminal convictions (i.e. the core controversy giving rise to the pending State Court proceedings themselves)

25.  Quite to the contrary, Plaintiff is merely requesting that this Court stop the arbitrary application of a specific portion of an Appellate procedural Rule (T.R.A.P. 35(g)), which, as applied to him, arbitrarily and unfairly deprives him of his property interest (i.e. assesses punitive sanctions in the form of financial fines in an unreasonable, capricious and arbitrary fashion)

### (D)  *Heck v. Humphrey,* 512 U.S. 477, (1994) Does Not Deprive This Court of Subject Matter Jurisdiction

26.  In *Heck v. Humphrey*, 512 U.S. 477, 480-82, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) the Supreme Court held that where success on a prisoner's 1983 action would necessarily impact the validity of a conviction or duration of a sentence the prisoner must first invalidate the underlying conviction or sentence.

27.  In other words, a civil compliant filed under **42 U.S.C. § 1983** could never be used as a substitute **28 U.S.C. § 2254** Federal Habeas petition. See also *Edwards v. Balisok*, 520 U.S. 641, 643-47, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (applying *Heck's* favorable termination requirement to a prisoner's 1983 action alleging deprivation of good time custody credits.)

28.  None of Plaintiff's claims in the instant complaint (i.e. arbitrary imposition of punitive financial sanctions) in any way impact the validity of his state criminal convictions nor duration of his sentence.

29. The instant complaint, does not fall within the scope of a habeas action because the only relief Plaintiff is seeking is protection from the arbitrary assessment of punitive financial sanctions by the defendants; therefore, the instant compliant does not run afoul of the prohibitive contours of *Heck*.

## IV. VENUE:

30. The Middle District at Nashville is the proper venue for the instant compliant pursuant to **28 U.S.C. § 1391(b)** because all Defendant's reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## V. TIMELINESS:

31. Plaintiff avers that under the facts of the instant case, he's is only seeking to partly enjoin the enforcement of a limited portion of a state Appellate Procedural rule. (i.e. T.R.A.P. 35(g)); thus, there is no applicable nor relevant statute of limitations.

## VI. EXHAUSTION OF REMEDIES:

32. Plaintiff avers that to the extent this Court may conclude that Declarative relief is unavailable then he would proceed, *inter alia,* under **42 U.S.C. § 1983** which states in pertinent part: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless ... <u>declaratory relief was unavailable.</u>" (emphasis added); See *Massey v. Stosberg*, 136 Fed. Appx. 719, 720 (6th Cir. 2005)

11

33. In the context of the instant suit, if proceeding pursuant to **42 U.S.C. § 1983,** Plaintiff is not and would not be required to "exhaust administrative remedies" under **28 U.S.C. § 1997(e)** see *Brown v. Toombs,* 139 F.3d 1102, 1104. (C.A.6 (Mich.) 1998)

34. Plaintiff would further show that as a matter of State law he can not bring any of his U.S. Constitutional claims in any trial Court in the State of Tennessee (i.e. those created by **Tenn.Code.Ann § 16-2-502**) by virtue of the fact that no such Court would have the jurisdiction[3] to issue an order regulating, limiting or controlling, in anyway, the actions of a single Defendant (i.e. Appellate judge or Supreme Court Justice). See *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976) ("[O]ur courts recognize and apply the rule that lower courts are bound by the decisions of higher courts."); *Cook v. McCullough*, 735 S.W.2d 464, 470 (Tenn. Ct. App. 1987) ("Neither the Trial Judge nor this Court has authority to expand the limitation placed by the Supreme Court upon a remand.")

35. Furthermore, there are no appellate procedural rules or statutory provisions that would allow Plaintiff to challenge the arbitrary imposition of financial sanctions by any of the defendants, for his failure to appear to give remote or in person *pro se* oral arguments.

36. With respect to the deprivation of his property interests, by the Defendants, there are

---

[3] T.C.A. § 16-2-502. *Titles of judges Jurisdiction,* states in pertinent part: "...Each trial court judge shall continue to be officially known and designated as either a chancellor, circuit court judge, criminal court judge, or law and equity court judge..."

no otherwise viable or readily available state remedies for redressing the wrong. See

*Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).

37. Thus, Plaintiff affirmatively states that Tennessee's judicial remedies are woefully inadequate or that it would be futile to present any of his claims in a Tennessee state court.

## VII.   PARTIES

38. Courtney B Mathews, TDOC #232626 is the Plaintiff and is presently incarcerated in a State Correctional facility located at S.C.C.F.; P.O. Box # 279; Clifton, Tennessee, 38425.

### I.    LIST OF DEFENDANTS AND THEIR ADDRESSES

39. Criminal Court of Appeals Judge Robert Wiley Wedemeyer.; Suite 211; Supreme Court Bldg, 401 7th Ave North. Nashville Tn 37219-1407. He is being sued in his official capacity.

40. Criminal Court of Appeals Judge Jill Bartee Ayers; Supreme Court Bldg, 401 7th Ave N. Nashville TN 37219. She is being sued in his  official capacity.

41. Criminal Court of Appeals Judge Timothy L. Easter,; Rm 200 Supreme Court Bldg, 401 7th Ave N. Nashville TN 37219. He is being sued in his  official capacity.

42. Criminal Court of Appeals Judge Robert L. Holloway, Jr.; at 418 West 7th Street Columbia, TN 38401. He is being sued in his  official capacity.

43. Supreme Court Chief Justice Roger A. Page, # 6 Highway 45 Bypass, P.O. Box 909 Jackson, TN 38301 (38302-0909). He is being sued in his  official capacity.

13

44. Supreme Court Justice Sarah K Campbell, Rm. 318 Supreme Court Bldg, 401 7th Ave N. Nashville Tn 37219. She is being sued in her official capacity.

45. Supreme Court Justice Sharon G Lee, 505 Main Street, Suite #236; P.O. Box 444 Knoxville, TN 37902-0444. She is being sued in her official capacity.

46. Supreme Court Justice Jeffrey S. Bivins, Supreme Court Building, Suite 321; 401 7th Avenue North; Nashville, TN 37219-1407. He is being sued in his official capacity.

47. Supreme Court Justice Holly Kirby, 100 Peabody Place. Memphis, TN 38103. She is being sued in her official capacity.

## VIII. STATEMENT OF FACTS:

48. Plaintiff is an inmate currently serving multiple life sentences pursuant to a state Court judgment of conviction entered on August 14th, 1996. See *State v. Courtney B. Matthews*, No. M2005-00843-CCA-R3-CD. 2008 WL 2662450,(Tenn. Crim. App. July 8, 2008); See also *Courtney B Mathews v. Tony Parker Case* 3:06-cv-00085 (U.S. Dist Nashville; January 1st, 2006)

49. For reasons not relevant to the instant complaint, Plaintiff was granted partial relief in a collateral attack proceedings which resulted in his criminal case being remanded back to the trial Court for a new evidentiary hearing on his Motion for New Trial; along with a new direct appeal. See *Mathews v. State*, No. M2017-01802-CCA-R3-PC;. 2019 WL 7212603 (Tenn. Crim. App. Dec. 27. 2019)

50. The trial Court denied Plaintiff's Motion for New trial on August 15th, 2022.

51. As is his U.S. Constitutional right Plaintiff is currently prosecuting his Direct appeal *pro se*. See *Faretta v. California*, 422 U.S. 806, 834, 95 S. Ct. 2525, 45 L. Ed. 2d 562(1975); see also **(Exhibit #1 Order of Trial Court, granting right to Proceed Pro se on direct appeal, November 28th, 2022)**

52. Plaintiff has filed his *pro se* brief, which complied with T.R.A.P. 27 and T.R.A.P. 30(e). (See **Exhibit #2 Pro Se brief excerpt; filed on May 19th, 2023)**

53. As was his right, Plaintiff complied[4] with T.R.A.P. § 35(a) and requested oral arguments by specifically indicting such on the cover of the brief.

54. Plaintiff also filed pleadings formally requesting that he be allowed to participate in remote oral arguments, pursuant to the TCCA's new Zoom teleconferencing procedures.(see **Exhibit #3_Motion for Permission to Participate in Remote Oral Arguments);** see also **(Exhibit #7_Tenn_appellate_court_remote_video_ argument_guide)**

55. On June 6th, 2023 Defendant Holloway, denied Plaintiff's request to participate in oral arguments.

56. It must be emphasized even in situations where, like the case at bar, it's the defendants themselves who have refused to allow Plaintiff to participate in oral arguments, that Plaintiff, simply by complying with T.R.A.P. 35(a) and requesting Oral arguments, is now subject to the arbitrary assessment of Punitive sanctions and *de facto* taxes by any of the named Defendants, pursuant to their application of

---

[4] *T.R.A.P. 35 (a) Request* states "Any party to an appeal who desires oral argument shall so request by stating at the bottom of the cover page of the party's brief that oral argument is requested. ...."

T.R.A.P. 35 §(g).

57.   As a *pro se* litigant Plaintiff is subject to the exact same obligations and requirements set forth in the Appellate Rules and procedures that every other litigant is subjected to; be they *pro se* or a licensed attorney.

58.   The official '*Appellate Advocacy: Handbook on Appellate Practice in Tennessee*", expressly states that: "if the party requesting oral argument <u>fails to appear, the court</u> <u>is empowered to assess cost costs and attorney's fees [for opposing counsel]</u>." **(Attached Exhibit #5: Excerpt of Appellate Advocacy: Handbook; p. 62, (A) (J# 3))**

59.   This reference is premised upon T.RA.P. 35(g) *Oral Arguments* which states in pertinent part:

> <u>...if the party who requested oral argument fails to appear to present argu-</u>
> <u>ment, the court may assess against that party... reasonable costs ...In its discre-</u>
> <u>tion, the court may include a reasonable attorney's fee as a part of such costs.</u>

60.   There is unequivocal State precedent which clearly demonstrates the punitive sanction component of T.RAP. 35(g) is applicable to all litigants *pro se*, or otherwise; and can result in the imposition of a financial sanction for a *pro se* litigant's failure to appear; whether they are incarcerated or not.

61.   It must be pointed out that a plain reading of T.RA.P. 35(g) clearly demonstrates that the rule, both on its face and as applied to Plaintiff, makes no exceptions for *pro se* litigants, versus licensed attorneys; or *pro se* incarcerated litigants, versus non-incarcerated *pro se* litigants ("...<u>While we realize the "legal naivete" of a *pro*</u>

*se* litigant …we must not allow him an unfair advantage because he represents himself. *Pro se* litigants who invoke the complex and technical procedures of the courts assume a very heavy burden…While they are entitled to fair and equal treatment, they must follow the same procedures as a represented party.") *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1989). (citations omitted).

62. T.R.A.P 35(g) as applied, clearly evinces that Plaintiff, as a *pro se* litigant, whether incarcerated or not, is absolutely subject to punitive sanctions by all of the named Defendants (i.e. Justices of both the TCCA and the Tenn. Sup. Ct)

63. The Advisory Commission Comments on T.R.A.P 35(g) specifically states:

> ….Sanctions are provided for <u>failure of a party to</u> appear when that party has requested oral argument….

64. The authority to arbitrarily assess punitive sanctions and litigation taxes on Plaintiff is not just limited to the Defendants in the TCCA, but extends to the Justices of the Tenn. Supreme Court as well-should Plaintiff receive an adverse ruling form the Defendants in the TCCA and decide to appeal to the higher Court.

65. Therefore, each of the herein named defendants have the statutory authority to assess a punitive sanction on Plaintiff, if and when they choose to do so, for no other reason, than the fact that Plaintiff requested oral arguments, and the defendant's themselves arbitrarily chose not to allow him to participate.

# IX.    CAUSES OF ACTIONS:

## (A)    FIRST CLAIM FOR RELIEF (*14th Amendment Due Process Violation*)

   a.    The discretion to arbitrarily assess punitive fees on Plaintiff pursuant to T.RA.P. 35(g), violates the 14th Amend Due process clause.

66.    Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

67.    For the purposes of the instant suit Plaintiff is a duly convicted felon, detained in a correctional facility pursuant to a State court judgment; and as such he is a prisoner.

68.    As a prisoner Plaintiff still retains "...rights under the Due Process Clause and cannot be 'deprived of life, liberty, or property without due process of law,' *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).

69.    However, Plaintiff does in fact have "..narrower liberty and property interests than other citizens as 'lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Sandin v. Conner,* 515 U.S. 472, 485, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).

70.    The two steps for reviewing a procedural due[5] process claim include a two pronged analysis: "(1) 'whether there exists a liberty or property interest which has been interfered with by the State' and (2) 'whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Ky. Dep't of Corr. v. Thompson,* 490

---

[5] The requirements of procedural due process apply only to the deprivation of "liberty and property" interests under the Fifth and Fourteenth Amendments. See *Board of Regents v. Roth,* 408 U.S. 564, 571, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972)

U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)).

### (i) T.R.A.P. 35(g) implicates Plaintiff's property interest

71. As to the first prong Plaintiff avers that State prisoners in Tennessee have a property interest in the funds in their prison trust fund accounts. *Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 872 (Tenn. Ct. App. 2002); see also *Hampton v. Hobbs,* 106 F.3d 1281, 1287 (6th Cir. 1997) (holding that prisoners have a protected interest in their money).

72. The imposition of arbitrary punitive monetary sanctions, paid from Plaintiff's trust fund account, irrefutably constitute a deprivation of a property interest; and as such Plaintiff's property interests are implicated.

### (ii) The process afforded to Plaintiff by the Defendants in their application of T.R.A.P. 35(g) is constitutionally insufficient

73. In *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)), the U.S. Supreme Court held that in dealing with the second step of analysis, in determining the constitutionality of a statute or rule, this court must consider the following three factors:

> (1) "the private interest that will be affected by the official action;"
> (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and
> (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.". (*id.*)

19

> **(1)** **the private interest that will be affected by the official action**

74. Plaintiff has already satisfied the first prong, by demonstrating his property rights are implicated by the defendant's arbitrarily imposing punitive sanctions on him.

> **(2)** **the risk of an erroneous deprivation of such interest through the procedures used by defendants**

75. Due to the arbitrary nature of how fees are assessed, there is a great risk that Plaintiff's private interest will effected in so far as, despite his *pro se* status, there's nothing that protects Plaintiff from the <u>arbitrary imposition of punitive financial sanctions</u> now that the Defendant's <u>themselves</u> have personally refused to allow him to participate in oral arguments.

76. The danger of being assessed a punitive sanction/fine or litigation tax, associated with Appellate litigation in the TCCA or Tenn. Sup Court is not some far off theoretical possibly, but an everyday reality.

77. Plaintiff, along with countless other incarcerated *pro se* litigants in the State of Tennessee have had and continue to have fines, fees, and litigation taxes imposed upon them routinely. **(Attached Exhibit #6 (a)-(f):** Invoices from the Appellate Court Cost Center for fees assessed on *pro se* incarcerated litigants).

78. The Defendants routinely assess fines and fees worth hundreds or thousands of dollars against other similarly incarcerated *pro se* litigants, as they did in the case of Mr. Gerald Sanford ($1,500); Mr. Danny Lacy($500), and Christopher Shipp($300). See **Attached Exhibit #6 (a)-(c).**

79. Clearly sanctions imposed by the Defendants in the hundred and thousand dollar ranges establishes that the property interests at stake are far from *de minimums*, in the instant case. See *Goss v. Lopez*, 419 U.S. 565, 575-76, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975) (holding that procedural due process protection is triggered when deprivation was not *de minimus.*)

80. In fact, the fees assessed by the Defendants are so arbitrary and capricious that Plaintiff was literally doubled charged for records that even the T.C.C.A. acknowledged were never even found to begin with, let alone sent out to Plaintiff pursuant to the invoice itself. **Attached Exhibit #6 (f).**

81. That each of the herein named defendant's have the authority to arbitrarily impose punitive financial sanctions on Plaintiff for nothing more than, in effect, requesting oral arguments; while it's the very Defendant's themselves choosing to deny the request to begin with; clearly demonstrates that the procedures attendant upon the deprivation of Plaintiff's property interest in his money, are not "..constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)).

82. Therefore, the procedures utilized by the Defendants in assessing fees are not only inconsistent, but arbitrary and capricious; and thus, there is a high risk of an erroneous deprivation.

### (3) the Government's interest

83. T.R.A.P. 35§(g), at its core, was designed to ensure that litigants with cases pending

before the Appellate courts didn't waste scarce judicial resources by requesting oral arguments, and then failing to show up; such conduct clearly "wastes" the time of both: (i) the Courts, in terms of scheduling and moving other cases around to accommodate the litigants; and (ii) opposing counsel, who would otherwise expend the time preparing for said arguments.

84. In this is context T.R.A.P. 35(g) is both sensible and rational; and therefore, serves a legitimate government interest <u>when applied to non-incarcerated litigants</u>.

85. However, this same rule when applied to Plaintiff serves no legitimate government interests, because it no longer disincentivizes the wasting of scarce judicial resources-it does the exact opposite.

86. Indeed it serves no government interest to give *pro se* litigants like Plaintiff, who are both ready and able to participate in oral arguments, *via* remote teleconference – the right to request oral arguments pursuant to T.R.A.P. 35 § (a); only to then have the Defendant's not merely deny the request but also have the authority to assess a punitive sanction on plaintiff, pursuant to a separate subsection of the very same rule; *to wit*: T.R.A.P. 35 § (g).

87. Having the ability to assess a punitive sanction on Plaintiff simply because, in essence, he requested oral arguments serves no legitimate government interest; in fact when applied to Plaintiff, T.R.A.P. 35 § (g) turns into a perverse judicial fiat that violates Plaintiff's due process rights.

88. Each of the herein named defendants acting under the color of law, have the

statutory authority to deprive Plaintiff of his money, <u>at any given time</u>, during his direct appeal, <u>merely for the act of Plaintiff requesting the that he be allowed to participate in oral arguments</u>; while it's the very Defendants themselves intentionally denying him this opportunity to begin with; such arbitrary actions on the part of these Defendants constitute a violation of Plaintiff's rights to due process.

89. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer irreparable harm which will continue absent declaratory and injunctive relief.

**(B) SECOND CLAIM FOR RELIEF (*1ˢᵗ Amendment: Freedom of Expression Clause; and Freedom to Petition Clause*)**

        a. The arbitrary assessment of fees and/or the discretion to arbitrarily assess fees on Plaintiff, merely for requesting oral arguments, has a chilling effect on his ability to freely express him self, without fear of financial retribution or repercussion, and thus violates his 1ˢᵗ Amend protections

90. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

91. T.R.A.P 35 (g) is unconstitutional as applied to him as a "… restraint on speech. ." because it in effect stops him from even asking for a chance to make oral arguments with out running the risk of the Defendants arbitrarily, yet lawfully, being able to asses an egregious financial sanction him.

92. Plaintiff avers that it is not merely a case of the Defendants refusing to subsidize his

free speech, by requiring that Plaintiff pay a filing fee of some sort. See *Regan v. Taxation With Representation*, 461 U.S. 540, 545-46, 76 L. Ed. 2d 129, 103 S. Ct. 1997 (1983)(refusal to subsidize a prisoner's exercise of his First Amendment rights does not constitute a violation of those rights.)

93. Quite to the contrary, this is a situation where the Plaintiff is literally punished (i.e. subject to a punitive sanction) simply because he in essence, requested oral arguments from the defendants, who themselves are personally responsible for refusing plaintiff's request to begin with.

94. In other words, for no other reason then merely because Plaintiff exercised both his 1st amendment rights to express himself and petition the Courts (i.e. request the ability to participate in oral arguments) any Defendant can now assess a punitive fine or litigation tax upon him, and cause the Tennessee Department of Correction to seize money from his trust fund to pay for said fines and taxes, pursuant to their application of T.R.A.P. 35 §(g).

95. Each of the herein named defendants acting under the color of law, have the statutory authority to punish Plaintiff by depriving him of his money, at any given time, during the pendency of his direct appeal, merely for the act of Plaintiff exercising his rights to free speech (i.e. requesting the that he be allowed to participate in oral arguments); such a situation violates his rights under both the freedom of expression and freedom to petition clauses of the 1st Amendment of the U.S. Constitution.

24

96.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer irreparable harm, which will continue absent declaratory and injunctive relief.

### (C)   THIRD CLAIM FOR RELIEF (Denial of Access to the Courts)

      a.    Allowing only opposing Counsel the opportunity to clarify their positions on appellate issues with persuasive arguments *via* remote teleconferencing, while arbitrarily denying plaintiff the ability to do so, unfairly disadvantages Plaintiff, and *ipso facto* denies him access to the Courts

97.   Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

98.   In both privately owned facilities and TDOC facilities there is a readily-available and live *zoom video teleconferencing* system that the Plaintiff and numerous other similarly situated prisoners use on a daily basis.

99.   This system is used to allow inmates to participate in telemedicine sessions, remote mental health screening sessions[6]; remote parole hearings, and official civil and criminal Court proceedings. **(See Exhibit #1. Order Granting zoom hearing).**

---

[6] See TDOC policy Index 113.33 *Telehealth;* 109.09 *Use of Videoconferencing Equipment* (tn.gov/assets/ entities/correction/attachments/113-33.pdf)

100. Within the last few years the Defendants themselves have also implemented a new Zoom video teleconferencing system specifically designed to facilitate remote oral arguments; and they have even put out their very own instructional manual specifically to guide *pro se* litigants on the proper decorum and conduct during remote video Zoom oral arguments. See **Exhibit#7_Tenn_appellate_ court_ remote _video_argument _guide_1)** See also, **Exhibit# 8_TCCA Live Video stream announcements)**

### (i) Right of Access to the Courts

101. It's important to acknowledge at the outset that as duly convicted felon Plaintiff Mathews has a statutory right to one level of appellate review. See Tenn.Code.Ann., § 40-14-203. Moreover, that right is guaranteed by the Constitution of the United States. *Douglas v. People of State of California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963); *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974).

102. In exercising this right to a first tier appellate review of his conviction Plaintiff Mathews has a right to access the Courts.

103. An inmate's rights to access to the Court was first recognized in *Ex parte Hull*, 312 U.S. 546, 61 S. Ct. 640, 85 L. Ed. 1034 (1941). Since *Hull*, the United States Supreme Court has recognized that this right stems from multiple provisions of the United States Constitution; the Court has relied on the *Privileges and Immunities Clause*, U.S. CONST. art. IV, 2, cl. 1; *Chambers v. Baltimore & O. R.*

*Co.*, 207 U.S. 142, 154, 28 S. Ct. 34, 52 L. Ed. 143, 6 Ohio L. Rep. 498 (1907) (Harlan, J., dissenting); the *First Amendment's* right of petition, U.S. CONST. amend. I; *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S. Ct. 609.

104. The analysis utilized in most access-to-courts cases appears to be grounded in the *Due Process and Equal Protection provisions* of the Fourteenth Amendment, U.S. CONST. amend. XIV, 1; *M.L.B. v. S.L.J.*, 519 U.S. 102, 120, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996) (citing multiple equal protection and due process cases).

> **(ii)    Allowing only opposing Counsel to sharpen and reinforce their positions on appeal, *via* remote oral arguments while Denying Plaintiff the ability to do so, violates the tenets of fundamental fairness and equal treatment under the law; and thus, vitiates his rights of access to the courts**

105. The Defendants have remote oral argument protocols in place that now allow all litigants, (*pro se* or otherwise) to effortlessly participate in remote oral arguments *via* Zoom video teleconference. (see **Exhibit #7_Tenn_appellate_ court_remote_ video_ argument_guide.**)

106. *Pro se* litigants who may by paraplegic, quadriplegic and/or afflicted with other physical disabilities that prevent them from physically accessing the Court house, can now, with the slightest of effort, participate in remote oral arguments.

107. Despite this system of near universal access for all litigant's the defendants have arbitrarily and capriciously denied Plaintiff the ability to participate in remote oral arguments *via* video teleconference; while opposing Counsel for the state should

they choose to do so, is still able to do so with no limitations whatsoever.

108. As a result of the defendants arbitrary refusal to allow Plaintiff Mathews to participate in remote oral arguments he is, in essence, being denied the ability to properly frame and fairly present persuasive arguments in support of his appellate issues, *viz a viz*, opposing counsel who is statutorily allowed the opportunity to do so. *See W & HLLC v. Cmty. Bank NA*, No. W2015-00878-COA-R3-CV, 2016 Tenn, App. LEXIS 54, *2, n. 6, (Tenn. Cl. App., at Jackson, January 29, 20 16)(":...Oral argument in this case was conducted on January 20, 2016; <u>however, counsel for Appellants did not appear</u>.)

109. The Advisory Commission Comments on T.R.A.P 35 specifically states:

> Subdivision (g) of this rule also provides that a party who appears for oral argument shall be heard <u>even if the opponent does not appear.</u> ...

110. There is no legitimate government interest served by enforcing a policy that results in Plaintiff being arbitrarily denied the ability to fairly support his issues before the appellate Court with persuasive arguments, *via* remote zoom teleconference oral arguments, while opposing counsel is able to do so.

111. In *Price v. Johnston*, 68 S.Ct. 1049, 334 U.S. 266, (U.S.Cal. 1948) the Court recognized that, <u>absent a compelling State interest,</u> it violates core principles of fundamental fairness to allow opposing Counsel to appear before the appellate court, to give persuasive oral arguments, while arbitrarily denying Plaintiff incarcerated *pro se* litigants like Plaintiff,:

28

"........there are occasions when a court deems it essential that oral argument be had; …. In such situations where oral argument is slated to take place, fairness and orderly appellate procedure demand that both parties be accorded an equal opportunity to participate in the argument either through counsel or in person. …… when one of the parties is a prisoner who has no lawyer …. ……..an arrangement [should be] made for his presence and participation at the oral argument can be said to be 'reasonably necessary in the interest of justice.' …..". Id at *1058*

### (iii) Although Plaintiff has no substantive due process right to participate in Oral arguments in and of themselves, he does have a right to a fundamentally fair Appellate proceeding and equal treatment under the law

112.  Plaintiff is not arguing that he has any substantive due process right, inherent in the U.S. Constitution itself, to participate in oral arguments.

113.  To the contrary, Plaintiff's argument is quiet simple: if a when a State affords him or any other plaintiff the right to participate in the direct appellate process, due process requires that the proceedings be fundamentally fair and free from arbitrarily enforced procedural rules that treat plaintiff and opposing Counsel differently; when this unequal treatment has no rational relationship to a legitimate government interest.

### (iv) Security and logistical concerns no longer constitute a legitimate state interest that justifies treating Plaintiff differently from opposing Counsel:

114.  In *Price* the Court advised that an appellate "...court would be justified in issuing the writ [i.e. allowing an incarcerated *pro se* litigant to appear before it].." if it is apparent:

> ....that his presence in the courtroom may be secured without undue inconvenience or danger.."(id. )

115.  To the extent that the defendant's prior refusal, to allow incarcerated *pro se* litigants

29

to participate in oral arguments, was predicated upon the very real security concerns associated with physically transporting hundreds of *pro se* litigants from prison to the appellate court; Plaintiff acknowledges that this would clearly be a legitimate government interest.

116. Plaintiff also acknowledges that refusing to transport Plaintiff physically to appear before the Defendants to give oral arguments in person, would be "rationally related" to the aforementioned legitimate government interest.

117. However, under the new procedural guidelines and appellate protocols, the Defendant's decision to treat Plaintiff differently no longer is rationally related to any legitimate government interest; in so far as Plaintiff can participate in remote oral arguments directly from the secure confines of the prison itself, with no disruption to normal court proceedings.

118. Stated simply the current situation facing the Defendant's is absolutely differently from the prior situation it confronted; because the risks to security and the danger posed by transporting a convicted felon to appear before the court, are now irrelevant and non existent.

119. In light of the Defendant's new zoom video teleconferencing protocols <u>trouble free remote oral argument participation is now possible for any and all *pro se* litigants,</u> be they paraplegic, quadriplegic, or incarcerated with absolutely no risks to security nor any disruption to the orderly functioning of the Appellate proceedings.

120. Each of the herein named defendants acting under the color of law, have deprived

Plaintiff of his rights of access to the Courts; in direct violation of his rights grounded in the *Due Process and Equal Protection provisions* of the Fourteenth Amendment, U.S. CONST amend. XIV,; as well as his rights grounded in the Freedom to petition and freedom of expression provisions of U.S. CONST. I amend.

121. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer irreparable harm, which will continue absent declaratory and injunctive relief.

**(D)   FOURTH  CLAIM FOR RELIEF (*14ᵗʰ Amendment Due Process Clause; Equal Treatment Clause*)**

         a.   Refusing to allow plaintiff, as a *pro se* litigant, to participate in oral arguments *via* remote teleconferencing, while allowing other similarly situated *pro se* litigants to do so, violates Plaintiff's 14th Amend Due process rights.

122. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

123. Plaintiff concedes that no one solely by virtue of their incarceration is a member of a suspect class-like race, nationality, or alienage-under equal protection case law. See *Ortwein*, 410 U.S. at 660; *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

124. However, Plaintiff Mathews is: (i) a  Black man; (ii) who pays federal income taxes; (iii) while incarcerated; and (iv) is a patriotic American who honors and loves this Country; and (v) is a veteran. (**See Exhibit #6_  Redacted_2019_Notice B 1099 MISC**)

125. Plaintiff avers that this unique combination of factors constitutes a sufficient

31

compendium of immutable characteristics; so as to form a unique  "suspect class"; *to-wit*: a class of one[7]. A "class-of-one" claim requires the plaintiff allege that he was "[1] intentionally treated differently from others similarly situated and [2] that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)

126.  *Pro se* litigants, like Plaintiff Mathews who are also part of a racial minority group, who also subsidize the Nation with their annual tax payments; who are also patriotic American's who have served the country (i.e. are veterans) and continue to honor the Country, do in fact form such a "suspect class", like race, nationality, and as such there is a fundamental right implicated that would mandate strict scrutiny review for his equal treatment cliams.

127.  In light of the Defendant's protocols <u>trouble free remote oral argument participation is now possible for any and all *pro se* litigants,</u> be they paraplegic, quadriplegic, and are unable to physically present themselves before the Court in order to participate in oral arguments; therefore, litigants who are: (i) federal income tax payers, (ii) veterans, (iii) patriotic, and (iv) who wish to proceed *pro se* in Courts of law, and who happen to be incarcerated, should be able to participate in oral arguments as well.

128.  The defendant's refusal to treat Plaintiff, as a unique suspect Class of one, in a manner consistent with how it treats other *pro se* litigants, who: (i) don't pay

---

[7] Plaintiff acknowledges that there is no clearly established authority that's directly on point with his position. However, the position while being novel, is not necessarily frivolous.

Federal taxes; (ii) have not served the nation; and (iii) are not patriotic, constitutes purposeful discrimination. A plaintiff "must prove purposeful discrimination, directed at an identifiable or suspect class." *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S. Ct. 1756, 95 L. Ed. 2d 262 (1987); *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 457-58, 108 S. Ct. 2481, 101 L. Ed. 2d 399 (1988))).

129. Each of the herein named defendants acting under the color of law, are treating Plaintiff, as a *pro se* litigant, differently they treat other pro se litigants, with respect to him being denied the opportunity to participate in remote oral arguments, in violation of his XIV Amendment rights to equal treatment.

130. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer irreparable harm, which will continue absent declaratory and injunctive relief.

### (E)    FIFTH CLAIM FOR RELIEF (28 U.S.C. § 1341 *Taxes by States*)

      a. The arbitrary assessment of fees on incarcerated *pro se* litigants in the State of Tennessee, for merely requesting oral arguments, constitutes a *de facto* tax

131. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

132. Punitive sanctions, fines and cost assessed by the Courts are "taxes", because the Defendants themselves use this terminology in their own interpretations of their own procedural rules:

      (b)Unless an appellant is exempted by statute or has filed an affidavit of indigency and been permitted to proceed on appeal as an indigent person, the appellant

shall pay to the clerk of the appellate court all **applicable litigation taxes** upon receipt of the notice of docketing of the appeal pursuant to Rule 5(c). If the appellant fails to **pay the litigation tax,** the appellate court may issue an order requiring the appellant to show cause why the appeal should not be dismissed for **failure to pay the litigation tax**..." *IN RE AMENDMENTS TO THE TENNESSEE RULES OF PROCEDURE & EVIDENCE*, 2016 Tenn. LEXIS 627; No. ADM2016-01777 (Tenn. August 30, 2016)

133. In light of the fact that Defendants arbitrary impose punitive sanctions that are *de facto* "taxes", Plaintiff's allegations state a due process claim pursuant to **28 U.S.C. § 1341.** See *Huber Pontiac, Inc. v. Whitler,* 585 F.2d 817 (7th Cir. 1978). ("action pursuant to **42 USCS § 1983**, alleging procedural due process violations in state tax appeal procedure, falls within injunction of **18 USCS § 1341.**)

### (F) SIXTH CLAIM FOR RELIEF (Tenn. Code Ann. § 1-3-121)

134. Plaintiff realleges and incorporates by reference the allegations set fourth above as if fully set fourth herein.

135. Tennessee has consented to constitutional claims (such as the ones presented in the instant complaint) against the state being brought in federal court when, by statutory enactment, Tennessee authorized suits "brought regarding the legality or constitutionality of a governmental action." See **Tenn. Code Ann. § 1-3-121**.

136. The statute in pertinent part states:

> Notwithstanding any law to the contrary, a cause of action shall exist under this chapter for any affected person who seeks declaratory or injunctive relief in any action brought regarding the legality or constitutionality of a governmental action. A cause of action shall not exist under this chapter to seek damages. Tenn. Code Ann. 1-3-121. **Tenn. Code Ann. § 1-3-121**.

137. The Defendant's authority to arbitrarily impose punitive sanctions on plaintiff and treat him differently then other litigants with appellate Cases, absent a legitimate

34

government interest, violates his rights under the Privileges and immunities Clause, the first Amendment Petition clause, the first Amendment Freedom of Expression clause, the Equal Protection Clause; and the Due Process Clause of the United States Constitution. See *Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002) (citing the many cases and constitutional provisions on which the Court has based the right of access to courts)

## XI.     Relief:

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A.     Enter a declaratory judgment that the imposition of financial sanctions on pursuant to T.R.A.P. 35(g), is unconstitutional as applied to Plaintiff

B.     Enter a declaratory judgment that allowing opposing Counsel for the State of Tennessee to give remote or in person oral arguments pursuant to T.R.A.P. 35(g), is unconstitutional under the principles equal treatment protected by the Due Process

C.     Enter an order enjoining Defendants from applying T.R.A.P 35(g) to plaintiff, and require the Defendants to permit Plaintiff to participate in oral arguments *via* remote zoom video teleconference

D.     In the alternative, enjoin Defendants from enforcing T.R.A.P. § 35(g) in any way that allows opposing Counsel to give oral arguments in person or via remote video teleconference, if Plaintiff is not also allowed to participate.

E.     In the alternative, enjoin Defendants from enforcing T.R.A.P. § 35(g)

35

with regard to imposing any financial sanctions or fines on Plaintiff

F.          Grant such other and further relief as this Court deems just and proper

in the circumstances.

Respectfully submitted this 13th day of June, 2023.

Courtney Mathews #232626
S.C.C.F.; P.O.Box # 279
Clifton Tenn, 38425

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

Courtney Mathews, 232626       )
                                    )

        Plaintiff ,           )
        vs.                     ) Case No.
                                      )

Judge Robert Wiley Wedemeyer, Judge Jill Bartee Ayers; Judge Timothy L. Easter, Judge Robert L. Holloway, Chief Justice Roger A. Page, Justice Sarah K Campbell, Justice Sharon G Lee, Justice Jeffrey S. Bivins, Justice Holly Kirby

        Defendants,

---

## DECLARATION OF COURTNEY B MATHEWS

I, Courtney B Mathews TDOC # **232626**, pursuant to **28 U.S.C. § 1746** , make this Unsworn Declaration Under Penalty of Perjury as follows:

My name is Courtney B Mathews, TDOC # **232626.**

I have prepared and reviewed the Verified Complaint set forth in the above-referenced matter and the facts contained therein ,which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this Declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the fore going is true and correct.

Respectfully submitted this 13ᵗʰ day of June, 2023.

Courtney Mathews #232626
S.C.C.F.; P.O.Box # 279
Clifton  Tenn, 38425

Case 3:23-cv-00644   Document 1   Filed 06/26/23   Page 37 of 39 PageID #: 37

Courtney Mathews
#232626
SCCF PO BOX 279
Clifton TN 38425

CLerk, U.S. District Court
Middle District of TN
719 Church street, suite 1300
Nashville, Tennessee 37203

  

# UNITED STATES POSTAL SERVICE®

## PRIORITY MAIL EXPRESS®

U.S. POSTAGE PAID
PME
FLOWERY BRANCH, GA
34104
AMOUNT
$34.10
R2504E108785-17

FOR DOMESTIC AND INTERNATIONAL USE

## MAILING ENVELOPE

FOR DOMESTIC AND INTERNATIONAL USE



To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10000132900

EP13C September 2021
OD: 15 x 11.625



### UNITED STATES POSTAL SERVICE®  PRIORITY MAIL EXPRESS®

EJ 291 355 179 US



**FROM:** (PLEASE PRINT)

Courtney Mathews
S.C.C.F. Box #279
Clifton, TN 38079

**TO:** (PLEASE PRINT)

Clerk, US District Court
Middle District of TN
719 Church St, Suite 1300
Nashville, TN 37203

* For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
* $100.00 insurance included.

PEEL FROM THIS CORNER

  

### UNITED STATES POSTAL SERVICE®