IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COURTNEY B. MATHEWS #232626, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:23-cv-00644 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| ROBERT WILEY WEDEMEYER, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Courtney Mathews is a state prisoner pursuing a direct appeal in his state criminal case. He requested and received permission from the state court to represent himself in that appeal. When Mathews filed his appellate brief, he requested permission to participate in oral argument. The Tennessee Court of Criminal Appeals (TCCA) denied that request on June 6, 2023. The State has not yet filed its appellee's brief in that case, and Mathews's appeal is currently pending.

Dissatisfied with the TCCA's ruling regarding oral argument, Mathews filed a civil complaint in federal court asserting two types of claims: claims focused on who is permitted to participate in oral argument in his appeal (Doc. No. 1 at 25–35 (hereinafter, "Participation Claims")), and claims focused on potential financial sanctions that (according to him) could be imposed against him for failing to appear for oral argument after requesting it. (*Id.* at 18–25, 33–35 (hereinafter, "Financial Sanction Claims").) He requests declaratory and injunctive relief. (*Id.* at 35–36.) Mathews also paid the full filing fee (Doc. No. 5) and submitted a "Motion for Temporary Restraining Order and Preliminary Injunction" related to just the Financial Sanction Claims. (Doc. No. 3 (hereinafter, "the Motion").)

Temporary restraining orders (TROs) and preliminary injunctions are similar forms of extraordinary injunctive relief, but a TRO is unique because it can be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b)(1). As explained below, Mathews has not complied with the strict procedural requirements that must be followed to obtain a TRO without notice to Defendants (who, it appears, have not received notice), so his request for a TRO will be denied. The Motion, however, will remain pending for now, so that the Court can address Mathews's request for a preliminary injunction if and when appropriate—that is, after the Court has reviewed the Complaint as required by the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915A, and (assuming that one or more of the Financial Sanction Claims survives such review) after the opposing parties receive notice of the Motion. *See* Fed. R. Civ. P. 65(a)(1).

I. **Background**

In June 1996, a Montgomery County jury convicted Mathews of four counts of first-degree felony murder and one count of especially aggravated robbery. For the murder convictions, he received four consecutive sentences of life without the possibility of parole, and for the robbery conviction, he received another consecutive twenty-five-year sentence. In December 2019, the TCCA granted Mathews post-conviction relief in the form of an opportunity to pursue a new motion for new trial, with his convictions remaining intact. *Mathews v. State*, No. M2017-01802-CCA-R3-PC, 2019 WL 7212603, at *1, 27, 41 (Tenn. Crim. App. Dec. 27, 2019).

On remand, the trial court denied Mathews's motion for new trial. Mathews appealed and filed a motion to represent himself. The trial court held a hearing by Zoom video conference on November 28, 2022. On December 5, 2022, the court found that Mathews had complied with the requirements to waive his right to counsel on direct appeal, writing:

> [A] defendant may waive the right [to counsel] if the waiver is timely, if the defendant is competent to waive the right to counsel, and if such waiver is knowing,

intelligent, and voluntary. Mr. Mathews has filed a written waiver of his right to counsel, as required, and after conducting a colloquy with Mr. Mathews at the November 28 hearing, the Court finds Mr. Mathews is competent to waive his right to counsel and represent himself on appeal. The colloquy also leads the Court to conclude Mr. Mathews'[s] waiver of his right to counsel is knowing, intelligent, and voluntary. Finally, the Court is also satisfied Mr. Mathews'[s] waiver of his right to counsel and exercising his right to self-representation are not designed to cause undue delay or undermine the judicial process.

(Doc. No. 1-3 at 2.)

In the TCCA, Mathews filed an appellate brief and a motion to exceed the word count, which the TCCA granted.[1] Mathews's brief included a request for oral argument. (Doc. No. 1-4 at 1.) He also filed a separate motion to participate in oral argument remotely, citing Tennessee Rule of Appellate Procedure 35. (Doc. No. 1-5.) Subsection (g) of this rule explains what happens if a party fails to appear for oral argument:

> If a party fails to appear for argument, the appellate court will hear argument on behalf of the parties present. If no party appears, the case will be decided upon the record and briefs unless the court shall otherwise order. *If the party who requested oral argument fails to appear to present argument, the court may assess against that party the reasonable costs incurred by the party who does appear for argument. In its discretion, the court may include a reasonable attorney's fee as a part of such costs.*

Tenn. R. App. P. 35(g) (emphasis added).

On June 6, 2023, the TCCA denied Mathews's request for oral argument, writing:

> "A prisoner has no absolute right to argue his [or her] own appeal or even to be present at the proceedings in an appellate court." *Price v. Johnson*, 334 U.S. 266, 285 (1948), overruled on other grounds by *McClesky v. Zant*, 499 U.S. 467 (1991); *see also Weatherly v. State*, 704 S.W.2d 730, 731 (Tenn. Crim. App. 1985). Indeed, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the consideration underlying our penal system." *Price*, 334 U.S. at 285. Accordingly, [Mathews's] request to participate in

---

[1] The Court takes judicial notice of this information from the Tennessee State Courts' Appellate Case Search database, which is publicly available. *See* https://pch.tncourts.gov/CaseDetails.aspx?id=85322&Number=True, Order entered May 31, 2023 (last visited June 28, 2023); Fed. R. Evid. 201(b) (allowing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

oral argument is hereby denied. Upon completion of the briefing process, this appeal will be placed on the next available docket for consideration of the issues raised in the parties' briefs.[2]

The State then requested and received an extension of time to file a response brief, and its brief is currently due on July 31, 2023.[3]

After the TCCA denied his request for oral argument, Mathews filed a civil complaint in this Court. He sues the four judges of the TCCA's Middle Section and the five justices of the Tennessee Supreme Court, seeking to secure his participation in oral argument before the TCCA, prevent the State from participating in oral argument without him, and ensure that he is not financially sanctioned for requesting oral argument and then failing to appear pursuant to Rule 35(g) of the Tennessee Rules of Appellate Procedure. (Doc. No. 1 at 35–36.)

**II.     The Motion**

The Motion seeks a TRO and preliminary injunction related to Mathews's Financial Sanction Claims (and not his Participation Claims). Specifically, he requests an order enjoining Defendants from "issuing any punitive financial sanctions upon [Mathews] for his failure to participate in oral arguments in his pending appellate proceedings, pursuant to § 35(g) of the Tennessee Rules of Appellate Procedure." (Doc. No. 3-1 at 2.) The crux of Mathews's argument is that it would violate his rights for Defendants "to impose a punitive financial sanction on [Mathews] worth potentially thousands of dollars, for nothing other th[a]n the fact that [Mathews] . . . requested oral arguments and the Defendant[s] declined his request." (Doc. No. 3 at 1–2.)

Those seeking a TRO or preliminary injunction under Federal Rule of Civil Procedure 65

---

[2] *See* https://pch.tncourts.gov/CaseDetails.aspx?id=85322&Number=True, Order entered June 6, 2023 (last visited June 28, 2023).
[3] *See* https://pch.tncourts.gov/CaseDetails.aspx?id=85322&Number=True, Order entered June 27, 2023 (last visited June 28, 2023).

must meet four requirements.[4] They must show a likelihood of success on the merits; irreparable harm in the absence of the injunction; that the balance of equities favors them; and that public interest favors an injunction. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022). But before the Court may properly even consider these substantive matters, where (as in the present case, as far as the record reflects) the defendants to be enjoined have not received notice of the motion for TRO, the TRO movant must comply with specific procedural requirements that do not exist for preliminary injunctions (or for TROs where notice has been given). One such requirement is that a party requesting a TRO must certify in writing "any efforts made to give notice [to the adverse party or its attorney] and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). This Court mandates "strict compliance" by pro se parties with this notice requirement. M.D. Tenn. L.R. 65.01(c). Here, Mathews makes no effort to explain in writing what particular efforts he made to give notice of his request for a TRO to Defendants or why notice should not be required. So his request for a TRO will be denied. The Motion, however, will remain pending, so that the Court can address Plaintiff's request for a preliminary injunction if and when it is appropriate to do so.

### III. Conclusion and Further Proceedings

Mathews's request for a TRO is **DENIED**, though the Clerk is **DIRECTED** to leave Doc. No. 3 pending for now.

---

[4] Some published Sixth Circuit cases stand unmistakably for the proposition that these four items are *factors* rather than *requirements*, except that irreparable harm is a requirement (and, if it exists and thus keeps the possibility of a TRO alive, thereafter becomes a factor to be balanced along with the other three factors). *See, e.g., D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019). But this case law is inconsistent with more recent Sixth Circuit case law and with Supreme Court case law (including the two cases cited above) describing these as all being requirements. The Court believes that it is constrained the follow the latter line of cases.

Although Mathews paid the full filing fee, the Prison Litigation Reform Act nonetheless requires the Court to conduct an initial review of Complaints like the one filed by Mathews—a prisoner complaint seeking redress from governmental officers or employees. *See* 28 U.S.C. § 1915A(a). As relevant here, the statute instructs the Court to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). The Court will conduct this initial review as soon as practicable.

If the Complaint (or even just the portion of the Complaint bringing Mathews' Financial Sanction Claims) is dismissed as a result of this review, then Mathews' request for a preliminary injunction will be denied. *See S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (explaining that a federal court cannot issue a preliminary injunction "where there is simply no likelihood of success on the merits" (quoting *Winnett v. Caterpillar, Inc.,* 609 F.3d 404, 408 (6th Cir. 2010))). But if some part of Mathews' Financial Sanction Claims continue past initial review, then the Court will address his request for a preliminary injunction after Defendants have been provided notice and an opportunity to respond. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE